**In re REGENCY REALTY ASSOCIATES, Debtor.**

**INTRU, INC., etc., Appellant,**

v.

**REGENCY REALTY ASSOCIATES, Appellee.**

Bankruptcy No. 94–11229–9PL.

No. 96–120–CIV–FTM–17.

United States District Court, M.D. Florida, Fort Myers Division.

Feb. 13, 1997.

---

318

Allan C. Watkins, Watkins Law Firm, P.A., Tampa, FL, for Regency Realty Associates.

Kathleen W. McBride, Smoot, Adams, Edwards & Green, P.A., Ft. Myers, FL, for Intru, Inc., Producers Fertilizer.

### APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

KOVACHEVICH, District Judge.

### ORDER ON APPEAL

This cause is before the Court on appeal from the Order Denying Motion for Rehearing or Reconsideration, entered March 7, 1997, by Bankruptcy Judge Alexander L. Paskay.

### ISSUES:

I. Whether or not the bankruptcy court improperly denied the Appellant the right to amend its proof of claim in the bankruptcy.

### STANDARD OF APPELLATE REVIEW

█ The applicable standard of appellate review is that findings of fact shall not be set aside unless clearly erroneous. *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir.1969); Bankruptcy Rule 8013. Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts.

### FACTS

The debtor, Regency Realty Associates, had an involuntary petition for relief filed against it, to which it consented and filed a motion to convert the case to a Chapter 11 filing. The Bankruptcy Court entered order for relief and conversion of the case and the debtor filed its schedules, which listed a fixed and liquidated claim of the Appellant in the amount of $227,590.71. In the next several months the debtor filed its plan, an order was entered setting the dates for the confirmation and confirmation hearing and setting July 21, 1995, as the last day for filing claims. The confirmation hearing was held on August 3, 1995, and an order was entered confirming the Fourth Amended Consolidated Liquidating Plan. The debtor ceased all business operations and liquidated all assets.

On August 29, 1995, more than a month after the claims bar date, the Appellant filed Proof of Claim No. 37, asserting an unsecured debt in the amount of $260,999.13. The debtor objected and a hearing was held before the Bankruptcy Judge, at which time the Appellant filed a Motion for Extension of Time to File Proof of Claim, or in the Alternative, Motion for Extension of Time to Amend the Proof of Claim. On December 22, 1995, the Bankruptcy Court denied the motion and sustained the Appellee's objection to Claim No. 37. More than two (2) months later, on February 26, 1996, the Appellant filed a Motion for Rehearing or Reconsideration on Disallowance of Claim. The motion was denied on March 7, 1996, and the Appellant filed the instant appeal.

### DISCUSSION

█ The Court has reviewed the briefs filed by the Appellant and the Appellee (respectively Docket Nos. 7 and 12). The Court is in agreement with the Appellee's response brief and adopts it by reference. The Court finds that the Bankruptcy Judge did not abuse his discretion in denying the motion for reconsideration, which is the motion on appeal. Even if the Court were reviewing the denial of the motion to file an amended claim, it would still find no error on the part of the bankruptcy court. Accordingly, it is

**ORDERED** that the order of the bankruptcy court denying the motion for reconsideration or rehearing be **affirmed.** The Clerk of the Court is directed to enter judgment for the Appellee, in accordance with this order.